## WILLIAM DIEDRICHS v. LAURA DIEDRICHS.

FILED APRIL 9, 1903. No. 12,749.

1. **Divorce: Petition: Demurrer.** In an action brought by the wife for a divorce on the ground of cruelty, a demurrer to the petition on the ground that it shows condonation of the offense charged will not be sustained unless the statements of the petition plainly show acts and conduct on the part of the wife amounting to condonation. Generally, the question of condonation in such cases should be tried on the evidence as an issue of fact.

2. **Leave to Refile Pleading.** A supplemental petition was filed by the plaintiff and a copy thereof served on the attorney for the defendant some months prior to the trial of the case. The supplemental petition was stricken from the files for the reason that no notice thereof was given the defendant, and the same was filed without leave of court. Immediately thereafter the plaintiff was given leave to file her supplemental petition. *Held*, That this did not constitute reversible error.

3. **Notice to Take Depositions: Motion to Suppress.** The plaintiff gave notice to the attorney of the defendant of the taking of depositions in the state of Ohio. The defendant at the time was confined in a jail in Ohio, and his attorney, immediately on receipt of the notice, sent the same to him through the mail. The notice never reached him, and he was unrepresented at the taking of the plaintiff's depositions, and her witnesses were not cross-examined

in his interest.  These depositions were taken three months or more before the trial of the case, and no effort was made to secure a cross-examination of the witnesses prior to the trial.  *Held*, That the court properly refused to suppress the depositions.

4. **Motion for Continuance.**  Where the affidavit in support of a motion for a continuance does not set out the facts and circumstances to which an absent witness will testify, and especially where it is not shown that there are no other available witnesses by whom the facts known to the absent witness can be proved, the continuance of the case should be denied.

ERROR to the district court for Lincoln county: HANSON M. GRIMES, DISTRICT JUDGE.  *Affirmed.*

*Harrison & Pearne* and *H. S. Ridgely*, for plaintiff in error.

*Joseph S. Hoagland* and *William V. Hoagland, contra.*

DUFFIE, C.

On April 20, 1900, Laura Diedrichs, defendant in error, filed her petition in the office of the clerk of the district court for Lincoln county, praying for a divorce from her husband, William Diedrichs, upon the ground of cruelty. No specific acts of cruelty are set out in the petition of a date later than December, 1899.  It is first insisted by the plaintiff in error that the petition shows upon its face that the acts of cruelty were condoned, and a demurrer was interposed to the petition upon these grounds, which was overruled by the court.  In his argument, the plaintiff in error assumes that Mrs. Diedrichs lived with her husband up to the date of the filing of her petition.  This does not appear upon the face of the petition, and if it did we are not prepared to hold that condonation should be so conclusively presumed therefrom as to require the court to sustain a demurrer to the petition upon that ground. Under some circumstances the continued cohabitation of the wife with her husband after cruelty practiced upon her will work a condonation, but this is not always the case.

Bishop, in his work on Marriage and Divorce, vol. 2, sec. 51, formulates the following rule to be applied in such cases: "Special caution should be exercised in applying the rules of condonation to cruelty. Not their letter, but their spirit, should be the guide. We are to consider, when asked to infer condonation from subsequent cohabitation, the peculiar nature of the offense of cruelty, as generally witnessed, developing itself by degrees, and so slowly as seldom to reveal even to the sufferer the precise line between the endurable and the unendurable; the difficulty which a wife experiences in making up her mind, in an hour or day, whether she can longer bear her burden; the fact, that often she can not herself know certainly, and at once, whether or not she is in bodily peril, which is the true criterion of legal cruelty, and that while in suspense she must continue the cohabitation; and, in connection with these universal aspects, whatever is special, bearing the one way or the other, in the particular case."

We think there was no error in overruling the demurrer, and trying as an issue of fact the question of condonation. December 17, 1900, Mrs. Diedrichs filed a supplemental petition, setting up further acts of cruelty, which she alleged had occurred subsequent to the filing of her original petition; and afterward, and on February 2, 1901, the defendant filed an answer to the original petition, and a motion to strike from the files the supplemental petition, for the reason that the same was filed without notice being served upon the defendant or his attorney, and without an order of court having been first obtained therefor. This motion came on to be heard on April 17, 1901, apparently without any evidence to support it in the way of affidavits or otherwise, and was resisted by the plaintiff, who filed the affidavit of J. S. Hoagland, her attorney, to the effect that he had delivered a copy of the supplemental petition to W. T. Wilcox, one of the attorneys for the defendant, on December 17, 1900, the date of filing the same. The court sustained the motion and struck the supplemental petition, but thereafter, and on motion of the plain-

tiff, allowed the same to be refiled. Section 149 of our Code of Civil Procedure is as follows: "Either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer, or reply alleging facts material to the case, occurring after the former petition, answer, or reply."

The object of requiring notice undoubtedly is to allow the party against whom the pleading is filed to examine the same and be advised of its contents, and to object thereto if so advised. All this was accomplished by serving the attorney for the defendant with a copy of the supplemental petition filed in the case. On the record, as we find it, we think the court was in error in striking the supplemental petition from the file; and if this be true, the order allowing it to be refiled was error without prejudice, and the defendant can not complain of the action of the court in that respect.

It appears from the bill of exceptions that shortly after filing her petition Mrs. Diedrichs left the state of Nebraska and went to the home of her parents, in Ohio, where she was delivered of a child. It is claimed that her visit to Ohio was for the purpose of being with her mother during the period of her confinement. Shortly after the birth of her child her husband appeared, and, as is claimed, took forcible possession of another child, about two years old and endeavored to escape with him from the state. Such legal proceedings were had as caused the arrest of defendant in the state of Ohio, and his confinement in the jail of the county. It was apparently during his confinement in the jail that notice was served upon his attorneys in North Platte of the taking of depositions in the case in support of Mrs. Diedrichs's petition. This notice was sent by his attorney to Diedrichs in Ohio, but was never delivered to or received by him. In consequence of his failure to receive notice of the time and place of the taking of the depositions, he was unrepresented, and the witnesses were not cross-examined. A motion to strike these depositions from the file was made upon that ground, and

overruled by the court, and this action of the court is assigned as error. We do not think that reversible error can be predicated upon the action of the court in overruling this motion. The plaintiff had done all that was required of her in giving notice to the attorneys of the defendant of the time and place where her depositions would be taken. To charge her with the misfortunes of the defendant is not allowable. It is true that the court should endeavor in every way to give a party a fair hearing, and a reasonable opportunity to procure his evidence and to cross-examine the witnesses of his adversary; but if the defendant, through his fault or misfortune, was placed in such a position that this notice failed to reach him, the fault can not be attributed to the plaintiff, who had done all that the law required of her to secure her depositions. If the defendant had moved the court for a postponement of the trial, and for an opportunity to cross-examine the witnesses whose depositions were offered, we do not say that the court, in its discretion, ought not to have granted such a request, but he had no right to demand that depositions taken in a legal way should be stricken from the file, and the plaintiff put to the trouble and expense of retaking them.

On December 11, 1901, the defendant filed an application for a continuance of the case on account of the absence of witnesses, which motion was overruled for the reason "that the same shows want of diligence on the part of the defendant in preparation for trial." It will be noticed that the petition was filed in April, 1900, and the motion for a continuance in December, 1901, some twenty months after the commencement of the action. No diligence whatever is shown by the defendant in attempting to secure the attendance of the absent witnesses, and, further than that, as to all but one of these witnesses no specific act or facts to which they would testify is contained in the affidavit, nor is it alleged that there were not other available witnesses who would testify to the same matter. There was no error in overruling this motion.

Complaint is further made that the decree is not supported by the evidence. We have examined the bill of exceptions with care, and, while the evidence is not of the most conclusive character, and the trial court may have taken into consideration his own knowledge of the habits and character of the defendant, we are not prepared to say that the evidence is not sufficient to support the decree.

We recommend the affirmance of the decree of the district court.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.